IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. BYRON and<br>JOAN E. BYRON<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TRANSCONTINENTAL GAS<br>PIPE LINE COMPANY, LLC,<br><br>　　　　Defendant. | :<br>:<br>:　　No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:　　Electronically Filed |

## NOTICE OF REMOVAL

TO:　United States District Court
　　　Middle District of Pennsylvania
　　　Max Rosenn U.S. Courthouse
　　　197 South Main Street
　　　Wilkes-Barre, PA 18701

Defendant, Transcontinental Gas Pipe Line Company, LLC ("Transco"), through counsel, files this Notice of Removal to the United States District Court for the Middle District of Pennsylvania from the Court of Common Pleas of Luzerne County, Pennsylvania pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. In support, Transco states the following:

1.　On April 10, 2023 Transco was served via certified mail with a copy of the Complaint filed by Plaintiffs in the Court of Common Pleas of Luzerne County, Pennsylvania, Docket No. 2021-10051. A true and correct copy of the Complaint is attached as **Exhibit A**.

2. In the Complaint, Plaintiffs plead one count against Transco for Breach of Contract. (Ex. A at 3-4).

3. Under 28 U.S.C. § 1441(a), "a defendant may remove an action brought in state court to federal district court if the claims fall within the scope of federal [subject-matter] jurisdiction." *Gosch v. Int'l Chapter of Horseshoers and Equine Trades, Local 947*, 200 F. Supp. 3d 484, 489 (M.D. Pa. 2016) (citations omitted and alteration in the original).

4. "The two primary types of '[federal subject-matter] jurisdiction' that § 1441(a) contemplates are diversity jurisdiction and federal question jurisdiction." *Id.* (citations omitted and alteration in the original).

5. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states." 28 U.S.C. § 1332(a)(1).

6. Where the notice of removal is based upon diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, where state practice "permits recovery of damages in excess of the amount demanded," removal of the action is proper based upon the amount in controversy asserted in the notice of removal so long as "the district court finds, by the preponderance of the evidence,

that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(A)(ii), (c)(2)(B).

7. "A district court's determination as to the amount in controversy must be based on the 'plaintiff's complaint at the time the petition for removal was filed.'" *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (citing *Steel Valley Auth. v. Union Switch Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)), *abrogated on other grounds by Earl v. NVR, Inc.*, 990 F.3d 310 (3d Cir. 2021). This determination is measured "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Werwinski*, 286 F.2d at 666 (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)).

8. Based on the allegations in the Complaint, the amount in controversy exceeds the threshold amount of $75,000. Although Plaintiffs have not provided a specific computation of damages, Plaintiffs claim that "the damages sustained by Plaintiffs exceed the arbitration limits of this Court." (Ex. A, ¶ 4). Rule 1301 of the Luzerne County Rules of Civil Procedure states that civil actions where the amount in controversy is less than $50,000 must be first submitted to arbitration. *See* Luz. Co. R.C.P. No. 1301(a).

9. Thus, Plaintiffs have expressly alleged that at a minimum their damages exceed $50,000. This claim, taken together with Plaintiffs' other

allegations regarding the manner in which they claim to be damaged establishes that the amount in controversy exceeds $75,000 by a substantial amount.

10. A reasonable reading of Plaintiffs' Complaint demonstrates that the amount in controversy is satisfied. Plaintiffs' claim relates to the installation of a natural gas pipeline on their property by Transco. Plaintiffs allege that Transco failed to comply with the operative agreements governing the installation of the pipeline on Plaintiffs' property because Transco allegedly failed to properly restore the property. Based on the area of land at issue, and the types of repairs that would be required for the damages asserted by Plaintiffs, the amount in controversy exceeds $75,000 by a substantial amount.

11. Plaintiffs detail the following ways in which Transco allegedly breached the agreements at issue, leading to Plaintiffs' claimed damages:

(a) Failing to use topsoil as cover soil to the depth originally present on the ground;

(b) Removing topsoil from Plaintiffs' property and failing to replace it;

(c) Failing to install the pipeline to a minimum depth of 48 inches below the surface of the ground;

(d) Failing to reclaim/restore Plaintiffs' property to the same condition and contour that existed prior to construction;

(e) Failing to plant trees in the temporary work space and restore the property to the condition that existed prior to construction; and

  (f) Failing to construct hard crossings that would be sufficient to support oil and gas operations, logging operations, and farm operations to and from various locations on the Property. (Ex. A., ¶ 10).

12. The Exhibits attached to Plaintiffs' Complaint contain the operative agreements between Plaintiffs and Transco, which include drawings of Plaintiffs' property. These drawings show that the amount of acreage impacted by the installation of the pipeline on Plaintiffs' property covers several acres, comprised of temporary workspace of 3.25 acres and a permanent right of way of 3.71 acres. (Ex. A at 13-16).

13. Plaintiffs claim that Transco allegedly breached the operative agreements by failing to construct hard crossings, plant trees, and replace top soil in an area covering nearly 7 acres of land. Based on a reasonable reading of Plaintiffs' Complaint, the costs to restore or repair these types of things in an area this large would far exceed $75,000.[1]

---

[1] Indeed, Plaintiffs have previously communicated to Transco that the estimated costs associated with their alleged damages exceed $1,000,000 in total, with the cost of replacement topsoil alone allegedly costing $700,000. These estimated damages further demonstrate that the amount in controversy is satisfied here. *See Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 478-79 (E.D. Pa. 2013) (considering pre-suit estimates of claimed damages provided by Plaintiffs' counsel in assessing amount in controversy).

14. Accordingly, Plaintiffs' allegations and requests for relief in the Complaint demonstrate that the amount in controversy exceeds the $75,000.00 threshold required by 28 U.S.C. § 1332(a).

15. For purposes of diversity jurisdiction, complete diversity of citizenship exists on both sides.

16. In the context of diversity jurisdiction, a limited liability company like Transco "is a citizen of all the states of its members." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). A corporation's citizenship is determined by "both its state of incorporation and the state of its principal place of business." *Id.* "The citizenship of a natural person is the state where that person is domiciled." *Id.*

17. Transco is a citizen of Delaware and Oklahoma. As a limited liability company, Transco is a citizen of the states of its members. Transco's sole member is Williams Partners Operating LLC ("WPO LLC"). Because WPO LLC is also a limited liability company, its citizenship its determined by its members. WPO LLC's sole member is The Williams Companies, Inc. ("Williams"). Williams is a corporation that is incorporated in Delaware and has its principal place of business in Tulsa, Oklahoma.

18. Thus, Williams is a citizen of both Delaware and Oklahoma. Accordingly, WPO LLC is also a citizen of Delaware and Oklahoma, because

-7-

Williams is its sole member. Consequently, Transco is a citizen of Delaware and Oklahoma, because WPO LLC is its sole member.

19. Plaintiffs, Thomas W. Byron and Joan E. Byron, are each adult individuals residing at 83 Letterkenny Lane, Dallas, Pennsylvania. (Ex. A at ¶ 1). According to Plaintiffs' allegations, each is domiciled in Pennsylvania, and thus each is a citizen of Pennsylvania.

20. Accordingly, complete diversity of citizenship exists because Plaintiffs are citizens of Pennsylvania and Defendant is a citizen of Delaware and Oklahoma.

21. The timing of this Notice is proper because, under 28 U.S.C. § 1446(b)(1), a defendant may remove a civil action from state court to a United States district court in which the action is pending, within 30 days of receipt of a copy of the initial pleading.

22. Here, Transco was served with the Complaint on April 10, 2023, and Transco is now timely filing this Notice of Removal within 30 days of April 10, 2023.

23. A true and correct copy of this Notice of Removal will be filed with the Court of Common Pleas of Luzerne County, Pennsylvania, immediately upon acceptance of this filing by the Middle District of Pennsylvania and upon assignment of a docket number.

24. This Notice of Removal is filed subject to and without waiver of any rights or available defenses Transco may have with respect to the Complaint. Additionally, by filing this Notice of Removal, Transco does not admit any of the allegations made in Plaintiffs' Complaint.

WHEREFORE, Defendant Transcontinental Gas Pipe Line Company, LLC respectfully removes this matter to this Court.

Dated: April 28, 2023

Respectfully submitted,

/s/ Sean T. O'Neill
Sean T. O'Neill, Esq. (205595)
Saul Ewing Arnstein & Lehr LLP
1500 Market Street, 38th Floor
Philadelphia, PA 19102
215-972-7159
sean.oneill@saul.com

*Counsel for Defendant Transcontinental Gas Pipe Line Company, LLC*