# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Luzerne _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| 2021·10051 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**

- [x] Complaint
- [ ] Transfer from Another Jurisdiction
- [ ] Writ of Summons
- [ ] Petition
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| Thomas W. Byron | Transcontinental Gas Pipe Line Company, LLC |

| **Are money damages requested?** [x] Yes [ ] No | Dollar Amount Requested: (check one) | [ ] within arbitration limits [x] outside arbitration limits |
| --- | --- | --- |

| **Is this a *Class Action Suit*?** [ ] Yes [x] No | **Is this an *MDJ Appeal*?** [ ] Yes [x] No |
| --- | --- |

Name of Plaintiff/Appellant's Attorney:  Richard L. Huffsmith

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

---

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE***. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other: _____

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other: _____

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [x] Other: _____

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other: _____

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other: _____

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other: _____

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF THE 11ᵀᴴ JUDICIAL DISTRICT
LUZERNE COUNTY, PENNSYLVANIA

THOMAS W. BYRON and          :
JOAN E. BYRON                :
83 Letterkenny Lane          :
Dallas, PA 18612             :
                             :
            Plaintiffs,      :
                             :
    vs.                      :     NO. 2021 10051
                             :
                             :     CIVIL ACTION – LAW
TRANSCONTINENTAL GAS PIPE    :
LINE COMPANY, LLC            :
2800 Post Oak Boulevard      :
Houston, TX  77056-6106      :
                             :
            Defendant.       :

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

        YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE
CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN
TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY
ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND
FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE
CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO
SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED
AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY
CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED
BY THE PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS
IMPORTANT TO YOU.

        YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO
NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.
THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

        IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE
TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER
LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

        A USTED SE LE HA DEMANDADO EN LA CORTE.  SI USTED QUIERE
DEFENDERSE CONTRA LA DEMANDA EXPUESTA EN LAS SIGUIENTES PAGINAS,
TIENE QUE TOMAR ACCION EN UN PLAZO DE VIENTE (20) DIAS DESPUES QUE
RECIBA ESTA DEMANDA Y AVISO, POR PRESENTAR UNA NOTIFICACION DE
COMPARECENCIA ESCRITA PERSONALMENTE O POR UN ABOGADO Y RADICAR

POR ESCRITO EN LA CORTE SUS DEFENSAS U OBJECIONES A LAS DEMANDAS
PRESENTADAS EN SU CONTRA.  SE LE ADVIERTE QUE SI FALLA EN HACERLO, EL
CASO PODRIA SEGUIR ADELANTE SIN USTED Y UN FALLO PODRIA SER DICTADO
EN SU CONTRA POR LA CORTE SIN PREVIO AVISO POR CUALQUIER DINERO
RECLAMADO EN LA DEMANDA O POR CUALQUIER OTRO RECLAMO O
DESAGRAVIO PEDIDO POR EL/LA DEMANDANTE.  PUEDE QUE USTED PIERDA
DINERO O PROPIEDAD U OSTROS DERECHOS IMPORTANTES PARA USTED.  USTED
DEBE LLEVAR ESTE DOCUMENTO A SU ABAGADO INMEDIATAMENTE.  SI NO
TIENE ABOGADO, DIRIFASE O LLAME POR TELEFONO A LA
OFICINA CUYA DIRECCION SE ENCUENTRA ABAJO.  ESTA OFICINA PUEDE
PROVEERLE CON INFORMACION SOBRE COMO CONTRATAR UN ABOGADO.  SI NO
TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UNABOGADO, ESTA
OFICINA PODRIA PROPORCIONARLE INFORMACION ACERCA DE AGENCIAS QUE
PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REUNAN LOS
REQEQUISITOS A UN HONORARIO REDUCIDO O GRATIS.

NORTH PENN LEGAL SERVICES, INC.

| | |
|---|---|
| 33 North Main Street | 101 West Broad Street |
| Suite 200 | Suite 513 |
| Pittston, PA  18640 | Hazleton, PA  18201 |
| (570) 299-4100 | (570) 455-9512 |
| (877) 953-4250 Toll Free | (877) 953-4250 Toll Free |
| (570) 824-0001 Fax | (570) 455-3625 Fax |

SERVICIOS LEGALES DE NORTH PENN, INC.

| | |
|---|---|
| 33 la Calle Main del Norte | 101 la Calle Broad del Oeste |
| Oficina 200 | Oficina 513 |
| Pittston, PA  18640 | Hazleton, PA  18201 |
| (570) 299-4100 | (570) 455-9512 |
| (877) 953-4250 Llamada gratuita | (877) 953-4250 Llamada gratuita |
| (570) 824-0001 Fax | (570) 455-3625 Fax |

By: _____
Richard L. Huffsmith, Esquire
Counsel for Plaintiffs

Richard L. Huffsmith
Attorney at Law
26 East Tioga Street
Tunkhannock, PA 18657
(570) 240-4400
Attorney I.D. # 78895

-----------------------------------------------------------------------------------------------------------

IN THE COURT OF COMMON PLEAS OF THE 11TH JUDICIAL DISTRICT
LUZERNE COUNTY, PENNSYLVANIA

THOMAS W. BYRON and          :
JOAN E. BYRON                :
83 Letterkenny Lane          :
Dallas, PA  18612            :
                 Plaintiffs, :
                             :
          vs.                :          NO.  2021-10051
                             :
                             :          CIVIL ACTION – LAW
TRANSCONTINENTAL GAS PIPE     :
LINE COMPANY, LLC             :
2800 Post Oak Boulevard       :
Houston, TX  77056-6106       :
                             :
                 Defendant.  :

## COMPLAINT

Plaintiffs Thomas W. Byron and Joan E. Byron, by their undersigned counsel, hereby file this Complaint against Transcontinental Gas Pipe Line Company, LLC and in support thereof, state as follows:

1.     Plaintiffs Thomas Byron and Joan Byron ("Plaintiffs") are adult individuals residing at 83 Letterkenny Lane, Dallas, PA  18612.

2.     Transcontinental Gas Pipe Line Company, LLC ("Defendant") is a Delaware limited liability company, whose address is 2800 Post Oak Boulevard, Houston, TX  77056-6106.

## JURISDICTION AND VENUE

3.     Jurisdiction and venue are proper in Luzerne County, Pennsylvania since Plaintiffs reside in Luzerne County, Pennsylvania, the property that is the subject of this action is located in Luzerne County and the causes of action occurred in Luzerne County, Pennsylvania.

4.     The damages sustained by Plaintiffs exceed the arbitration limits of this Court.

## FACTS

5.     Plaintiffs are owners of property located in Luzerne County, PA identified as Parcel ID # 10-D7-00A-002-000 and more specifically described in deed dated October 23, 1985 and recorded in the Office of the Recorder of Deeds of Luzerne County on November 8, 1985 in Book 2176 at page 235 (the "Property").

6.     On or about February 28, 2017, Plaintiff entered into a Right of Way Agreement ("Right of Way Agreement") with Defendant involving the Property which is subject to this action.  A true and correct copy of the Right of Way Agreement is attached hereto as Exhibit A and is incorporated herein by reference the same as if fully set forth and copied at length.

7.     On or about February 28, 2017, Plaintiff entered into a Purchase and Construction Agreement ("Purchase Agreement") with Defendant relating to the right of way across the Property.  A true and correct copy of the Purchase and Construction Agreement is attached hereto as Exhibit B and is incorporated herein by reference the same as if fully set forth and copied at length.

8.     Plaintiffs granted Defendant the right to enter upon their Property to construct a pipeline in the right of way under the terms of the Right of Way Agreement and Purchase and Construction Agreement and applicable law.

## COUNT 1
## BREACH OF CONTRACT

9.     The preceding Paragraphs 1 through 8 of this Complaint are incorporated herein by reference the same as if fully set forth at length herein.

9.     Defendant entered upon the Property and installed the pipeline, but failed to comply with the terms of the Right of Way Agreement and Purchase and Construction Agreement.

10.    Defendant's breaches include the following. Defendant breached the terms of the Right of Way Agreement and Purchase and Construction Agreement in the following manner:

 a.   by failing to use the topsoil as cover soil to the depth originally present on the ground.

 b.   by removing topsoil from the Plaintiffs' property and failing to replace it;

 c.   by failing to install the pipeline to a minimum depth of 48 inches from the top of the pipe to the surface of the ground;

 d.   by failing to reclaim/restore Plaintiffs' property to the same condition and contour that existed prior to the commencement of the construction of the pipeline;

 e.   by failing to plant trees in the temporary work space and restore th property to the condition that existed prior to the construction as agreed to by Defendant; and

 f.   by failing to construct hard crossings in accordance with Defendant's engineering specifications that shall be sufficient to support oil and gas operations, logging operations and farm operations to and from various locations on the Property.

11.    Plaintiffs have complied with all of the terms of the Right of Way Agreement and Purchase and Construction Agreement.

12.     As a result of Defendant's breach of the Right of Way Agreement and Purchase and Construction Agreement, Plaintiffs have been damaged and are entitled to a judgment against Defendant to remedy Defendant's breach.

WHEREFORE, Plaintiffs request that this Honorable Court enter judgment in their favor and against Defendant for breach of contract i) granting and awarding Plaintiffs the remedies and/or damages permitted by law, including specific performance, and ii) awarding Plaintiffs interest as permitted by law, attorney's fees permitted by law, costs of suit permitted by law and all other relief to which Plaintiffs are justly and legally entitled.

Respectfully submitted,

Richard L. Huffsmith
Attorney at Law
Pa. I.D. No. 78895
26 East Tioga Street
Tunkhannock, Pennsylvania 18657
(570) 240-4400
Attorney for Plaintiffs

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents."

Date: October 8, 2021

Richard L. Huffsmith

## VERIFICATION

I, Thomas W. Byron, certify and affirm that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

Date: September 26 2021

Thomas W. Byron

## **VERIFICATION**

I, Joan E. Byron, certify and affirm that the statements contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief and are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

Date: September 2021

Joan E. Byron

Record and Return to:
Universal Field Services, Inc. in service to
Transcontinental Gas Pipe Line Company, LLC
300 Laird Ave Suite 200
Wilkes Barre, PA 18702

TGPL FORM _____

Prepared by:   Rachelle Papendick

| | |
|---|---|
| Line #: | CPL North |
| R/W #: | PA-LU-224-A-001 |
| Tax #: | 10-D7-00A-002-000 |
| Municipality: | Dallas Township |
| County: | Luzerne |
| State: | Pennsylvania |

## RIGHT OF WAY AGREEMENT

COMMONWEALTH OF PENNSYLVANIA

§

COUNTY OF LUZERNE

KNOW ALL MEN BY THESE PRESENTS: That the undersigned, **Thomas W. Byron and Joan E. Byron, his wife** (hereinafter called "Grantor", whether one or more), for and in consideration of the sum of Ten Dollars and 00/100 ($10.00) and other good and valuable consideration, receipt of which is hereby acknowledged, does hereby grant, bargain, sell and convey unto **TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC**, a Delaware limited liability company, whose address is 2800 Post Oak Boulevard, Houston, TX 77056-6106, its successors and assigns, (hereinafter called "Grantee"), a right of way and easement as shown on the attached drawing(s) marked "Exhibit A" for the purposes of laying, constructing, maintaining, operating, repairing, altering, replacing, changing the size of, and removing a pipeline (with valves, regulators, meters, fittings, appliances, headers, tie-overs, fences, markers and appurtenant facilities) for the transportation of natural gas through a pipeline, under, upon, over, through and across the lands of Grantor, situated in the County of Luzerne, Commonwealth of Pennsylvania described as follows:

LEGAL DESCRIPTION

Parcel ID # 10-D7-00A-002-000 described in a deed dated October 23, 1985 and recorded in the Office of the Recorder of Deeds of Luzerne County on November 8, 1985 in Book 2176, Page 235.

Page 1

EXHIBIT A

The permanent right of way and easement shall be, and the term "Right of Way" shall mean, a strip of land identified as "Permanent Right of Way" on the drawing(s) marked Exhibit "A" attached hereto and made a part hereof.

During the course of construction of the pipeline, facilities or improvements authorized above, Grantee shall have the right to enter upon, clear off, and use an additional strip (or strips) of land contiguous to the Right of Way, such strip (or strips) of land being identified on the attached Exhibit "A" as "Temporary Work Space".

Grantor acknowledges that part of the consideration herein paid includes payment in full for any damages caused, or to be caused, by the construction of the pipeline, facilities and improvements hereunder.

Grantee shall have all other rights and benefits necessary or convenient for the full enjoyment or use of the rights herein granted, including, but without limiting the same to, the free and full right of ingress and egress over and across said land and other lands of Grantor to and from the Right of Way and the right from time to time as Grantee may find convenient to cut or remove all trees, undergrowth and other obstructions from the Right of Way.

Grantor will not, on or within the Right of Way or any part thereof, build any permanent structures, excavate or change the grade, plant trees, use the same for a road, use the same in such a way as to interfere with Grantee's immediate and unimpeded access to the Right of Way, or otherwise interfere with Grantee's lawful exercise of any of the rights herein granted without first having obtained Grantee's approval in writing; and Grantor will not permit others to do any of said acts without first having obtained Grantee's approval in writing. No forbearance by Grantee to cut and remove any trees, undergrowth or other obstructions from the Right of Way or to exercise any other right provided to Grantee hereunder for any period of time shall constitute a waiver of such right or limit Grantee's ability to exercise such right as it may find convenient.

This Right of Way Agreement and any and all rights of Grantee hereunder shall be freely assignable by Grantee, without the consent or approval of Grantor and, if assigned by Grantee, any and all acts performable by Grantee hereunder may be performed by its assignee. Any assignment by Grantee, its successors or assigns, of all of its or their respective rights hereunder shall completely relieve the assignor of any further duties, liabilities or obligations hereunder that accrue or arise from and after the effective date of such assignment, but not before.

Grantee agrees to bury the pipeline so that the pipeline will not interfere with the cultivation of crops (not trees) on the land, and also to pay for any actual physical damages to fences, growing crops and timber which may arise from laying, constructing, altering, repairing, removing, changing the size of and replacing such pipeline. The term "timber" is defined as trees or the wood grown for commercial sale.

Grantee, by the acceptance hereof, covenants and agrees that, except for the damages caused by the construction of the pipeline, facilities or improvements authorized hereunder, Grantee will reimburse the Grantor for any loss or damage to property which Grantor may suffer

Page 2

as a consequence of the laying, constructing, altering, repairing, removing, changing the size of, or replacing the pipeline, facilities  or improvements, in the exercise of its rights granted, except that neither the Grantor nor any person or firms holding under the Grantor shall assert any claims for severance or consequential damages.

Grantee will indemnify, defend and save harmless Grantor from any claims or suits which may be asserted against Grantor arising out of any negligent acts of Grantee, its agents or employees, in its exercise of the rights herein granted.

It is agreed that this grant covers all the agreements between the parties as to the grant of the easement  and other rights herein and no representations or statements, verbal or written, have been made, modifying, adding to, or changing the terms of this agreement.

The agreement between the parties consists of two documents, one entitled "Purchase and Construction Agreement" consisting of Five (5) pages and a second entitled "Right of Way Agreement" consisting of six (6) pages and a sixteen (16) paragraph Exhibit B Addendum.  In order to accommodate the Transcontinental Gas Pipe Line Company, LLC, the Grantor, hereinafter Thomas W. Byron and Joan E. Byron, hereby agrees that the base two documents referenced herein shall not be modified in their form, however, their substance shall be modified in accordance with Exhibit B which is attached hereto and incorporated herein by reference modifying both of the foregoing mentioned agreements.   To the extent any of the terms, conditions, or requirements of either the Purchase and Construction Agreement or the Right of Way Agreement differ from the Exhibit B attached hereto and incorporated herein and intending to be binding upon the parties then the contents of Exhibit B shall *expressly control, supersede, and take precedence over the two agreements.*  The parties expressly agree that the provisions of Exhibit B shall, in all event, be controlling.

TO HAVE AND TO HOLD said right of way and easement unto Grantee, its successors and assigns, until such pipeline is constructed and so long thereafter as a pipeline is maintained thereon; and the undersigned hereby bind themselves, their heirs, executors and administrators (and successors and assigns) to warrant and forever defend all and singular said premises unto Grantee, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

IN TESTIMONY WHEREOF, Grantor(s) has/have hereunto set her/his/their hand(s) and seal(s) this 28th day of February 20 17.

X _Thomas W. Byron_ (SEAL)
Thomas W. Byron

Page 3

NOTARY ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA        :
                                                               : §
COUNTY OF _Luzerne_                          :

  On this _28_ day of _February_, 20_17_, before me a Notary Public
in and for the Commonwealth of Pennsylvania, the undersigned officer, personally appeared
**Thomas W. Byron**, known to me (or satisfactorily proven) to be the person whose name is
subscribed to the within instrument, and acknowledged that he executed the same for the
purpose therein contained.

  In Witness Whereof,  I hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LE J BROWN
Notary Public
DELMAR TWP., TIOGA COUNTY
My Commission Expires Oct 21, 2017

_Le J Brown_ [SEAL]
Notary Public
My Commission Expires:

_Oct 21, 2017_

Page 5

NOTARY ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA                :
                                                                              : §
COUNTY OF _Luzerne_                              :

On this _28_ day of _February_, 20_17_, before me a Notary Public in and for the Commonwealth of Pennsylvania, the undersigned officer, personally appeared **Joan E. Byron**, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purpose therein contained.

In Witness Whereof,  I hereunto set my hand and official seal.

_Le J Brown_ [SEAL]

Notary Public
My Commission Expires:

_Oct 21, 2017_

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LE J BROWN
Notary Public
DELMAR TWP, TIOGA COUNTY
My Commission Expires Oct 21, 2017

Exhibit (A)





NOTES:

1. BEARINGS SHOWN ARE BASED ON THE PENNSYLVANIA STATE PLANE COORDINATE SYSTEM, NAD83, NORTH ZONE, US FOOT.

2. LENGTH OF PIPELINE FOR PROPOSED RIGHT OF WAY . . . . . . . . . . 3255.49 FEET
   AREA OF PROPOSED CPLN R/W . . . . . . . . . . . . . . . . . . . 3.71 ACRES
   AREA OF PROPOSED TEMPORARY WORK SPACE . . . . . . . . . . . . . 3.25 ACRES
   PROPERTY LINE . . . . . . . . . . . . . . . . . . . . . . . . . _____
   POINT OF INTERSECTION . . . . . . . . . . . . . . . . . . . . . _ _ _ _

3. THE INFORMATION SHOWN ON THIS DRAWING IS FROM ASSESSOR'S MAPS AND FOR THE SOLE PURPOSE OF CREATING A RIGHT OF WAY ACQUISITION EXHIBIT AND REPRESENTS CONDITIONS AS THEY EXIST AT THE COUNTY CLERK'S RECORDS OFFICE. PROPERTY BOUNDARIES SHOWN ARE BASED ON COUNTY ASSESSOR'S MAPS OR FIELD SURVEYS PERFORMED BY TRANSCONTINENTAL GAS PIPE LINE COMPANY LLC ON ADJACENT TRACTS. NO CIVIL SURVEY OF THE EASEMENT AREA HAS BEEN PERFORMED. THE ACREAGES SHOWN ARE APPROXIMATE.

PARAMOUNT DEVELOPERS LLC
10-O7-00A-02S-000
PA-LU-224-000

NICHOLAS AND ROBIN STREENY
10-O7-00A-10F-000
PA-LU-224-100

THOMAS W BYRON AND JOAN E BYRON
10-O7-00A-02D-000
PA-LU-224-A-001

PENNSYLVANIA LICENSE NO. SU075384
CHRIS H. ROBERTS
HAYES, JAMES & ASSOCIATES, INC.
4145 SHACKLEFORD ROAD, SUITE 300
NORCROSS, GA 30093

DATE:

MATCH LINE SEE SHEET 3

SCALE IN FEET

0        100       200       300

SCALE: 1" = 100'





## EXHIBIT "B"

Exhibit "B" is attached hereto and made part of that certain Right of Way Agreement between **Thomas Byron and Joan E. Byron.**, Grantor, and **Transcontinental Gas Pipe Line Company, LLC**, a Delaware limited liability company, Grantee. The Permanent Right of Way and Temporary Work Space granted under that Agreement shall be referred to herein as the "Easement Area."

1.  **Ingress and Egress:** Ingress and egress will be restricted to the Easement Area.

2.  **Pipeline Limitation:** Not more than one (1) Thirty inch (30") pipeline shall be laid under the terms and provisions of this instrument.

3.  **Above Ground Facilities:** No above ground appurtenances (other than test posts, vents or location markers only installed as required by applicable law) shall be constructed in the Easement Area.

4.  **Acknowledgment of Damages:** Grantor acknowledges that part of the consideration herein paid includes payment in full for any physical damages that are known as of the date of this Right of Way Agreement.

5.  **Miscellaneous Costs and Fees:** Transcontinental Gas Pipe Line Company, LLC, Grantee, will pay for all permit costs, transfer taxes and recording fees associated with the construction and maintenance of this pipeline.

6.  **No Chemical Spraying:** Grantee shall not spray chemicals, poisons or toxins on weeds brush or other vegetation growing on or along the Easement Area without Grantor's written consent and only in accordance with manufacturers recommendation and applicable law.

7.  **Effects upon Tax Abatement Programs:** Grantee understands that the Premises hereunder may currently be operating under agricultural, conservation or forestry management programs that provide tax abatements to Landowner/Grantor. Grantee agrees to pay any applicable and lawfully imposed penalties and rollback taxes claimed by the appropriate taxing authority and resulting solely from (i) this agreement and/or

    (ii) exercise of the Grantee's rights under this Agreement ("Penalties"). Grantee shall have the right to challenge (administratively and in a court of appropriate jurisdiction) the imposition of such Penalties in its own name and in the name of the Landowner/Grantor. Landowner/Grantor agrees to cooperate with such challenge, or, at the option of the Grantee, Landowner/Grantor will commence and maintain such challenge in its own name, with costs and expenses thereof to be reimbursed by Grantee if such challenge is made at Grantee's request. Landowner/Grantor agrees not to settle

any challenges to Penalties for which Grantee is obligated to pay without the written consent of the Grantee, which consent may be withheld for any or no reason.

8. **Indemnity:** Grantee does hereby covenant and agree to indemnify and hold Grantor harmless against any and all losses, damages, claims, demands and suits (and all reasonable costs and expenses incidental thereto including court costs and attorney's fees) that Grantor may suffer or incur or to which Grantor may be made liable (collectively "Claims") to the extent that such Claims are incident to, or connected directly with, Grantee's performance or exercise of any of the purposes for which this Easement was granted as expressly stated in this Agreement or Grantee's operations under this Agreement, EXCLUDING all losses, damages, claims, demands and suits resulting from the negligence, gross negligence or malicious acts (or omissions) of Grantor, its agents, employees or representatives.

9. **Insurance:** Grantee shall maintain or cause to be maintained insurance required by this Agreement, provided, however, that such insurance requirements may be met by a combination of self-insurance, primary and excess insurance policies.

    (i)     Workers Compensation and Employer's Liability Insurance (as required by law);
    (ii)    Commercial General Liability ($5,000,000.00 Minimum coverage)
    (iii)   Business auto ($1,000,000.00 Minimum coverage)

The Grantee shall cause Certificates of Insurance evidencing the above coverage to be provided upon request to Grantor.

10. **Environmental Issues:** Grantee shall not dispose of or release on or under the Easement Area or on lands adjacent thereto substances which are defined as "hazardous materials", "toxic substances" or "solid waste" in federal law except those Grantee has been licensed or permitted by applicable public authorities to use on the Easement Area. Should any such hazardous material, toxic substances, or solid waste be accidentally released by Grantee (an "event"), Grantee shall notify Grantor immediately after notifying the applicable governmental body of such event. Grantee shall be responsible for the timely pay of all cost of clean-up, remediation, and other costs related to and arising from the event, including, but not limited to penalties.

11. **Operations:** Grantee shall limit all operations to the permanent easement area and temporary easement areas depicted on Exhibit "A" without Grantor's written permission.

12. **Right of Way Crossing Clause.** The Grantor may have the right to build a road across the Permanent Right of Way or some part thereof. Grantor must obtain Grantee's approval in writing for such a crossing, which approval shall not be unreasonably withheld, provided the Grantor agrees to the terms and specifications of Grantee. Should the weight loads proposed by Grantor require a crossing method other than matting or logs, Grantee, at its cost, shall pay for the cost of engineering and construction of the crossing Grantee's specifications.

2

13.  **Hard Crossing**:  Within thirty (30) days following the completion of construction activities, Grantee agrees to construct two road crossings, no wider than twenty (20) feet, in the area of the Permanent Right of Way agreed to by both parties as shown on Exhibit "A", or some part thereof, in accordance with its engineering specifications. The hard crossings shall be sufficient to support oil and gas operations, logging operations and/or farm equipment.

14.  **Abandonment.** Grantee shall comply with requirements and procedures, if any, pertaining to the abandonment of the pipeline and restoration of the Easement Area as directed by FERC in its Order approving the pipeline, as the same may be amended from time to time.

15.  **Temporary and Additional Temporary Workspace Easement:**  Grantor does hereby permit and license unto Grantee, its successors and assigns, the right, privilege and  authority to use during the pipeline construction and restoration period only · the strip(s) of land identified  as temporary workspace and/or additional temporary workspace as shown and described on Exhibit A to  the Right of Way Agreement, as amended.  This permit and license shall terminate upon completion of  construction and restoration of Grantee's pipeline facilities on Grantor's Property.  No pipeline or other   permanent facilities shall be constructed within the temporary workspace or additional temporary
workspace areas.

16.  **Survey Map**:  Post construction survey of the pipeline Right-of-Way signed by a P.E. and in recordable form showing on a scale of 1"=100' the location of the centerline of the pipeline and the Easement Area, Temporary Work Space and Additional Temporary Workspace, if any, shall be prepared by the Grantee at its cost and provided to the Grantor(s).

17.  **Assignment**:  Grantee shall notify Grantor in writing within thirty (30) days of the effective date of any assignment of all or part of this Agreement from Grantee to a non-affiliated third party.

3

X _____ (SEAL)
    Joan E. Byron

REV-183 EX (2-15)



**pennsylvania**
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

## REALTY TRANSFER TAX STATEMENT OF VALUE

See reverse for instructions.

**RECORDER'S USE ONLY**

State Tax Paid

Book Number

Page Number

Date Recorded

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

### A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name<br>Kelli Bell - Universal Field Services | | Telephone Number:<br>(570) 208-9860 | |
|---|---|---|---|
| Mailing Address<br>300 Laird Street, Ste. 200 | City<br>Wilkes-Barre | State<br>PA | ZIP Code<br>17802 |

### B. TRANSFER DATA

Date of Acceptance of Document   02 / 28 / 2017

| Grantor(s)/Lessor(s)<br>Thomas W. Byron & Joan E. Byron | Telephone Number:<br>(570) 639-2413 | Grantee(s)/Lessee(s)<br>Transcontinental Gas Pipe Line Compan | Telephone Number:<br>(800) 945-5426 |
|---|---|---|---|
| Mailing Address<br>83 Letterkenny Lane | | Mailing Address<br>2800 Post Oak Blvd | |
| City<br>Dallas | State ZIP Code<br>PA   18612 | City<br>Houston | State ZIP Code<br>TX   77056 |

### C. REAL ESTATE LOCATION

| Street Address<br>42nd St./ RR1 Box 201 | City, Township, Borough<br>Dallas TWP | |
|---|---|---|
| County<br>Luzerne | School District<br>Dallas | Tax Parcel Number<br>10-D7-00A-002-000 |

### D. VALUATION DATA

Was transaction part of an assignment or relocation?   ☐ Y  ☒ N

| 1. Actual Cash Consideration<br>10.00 | 2. Other Consideration<br>+ | 3. Total Consideration<br>= 10.00 |
|---|---|---|
| 4. County Assessed Value | 5. Common Level Ratio Factor<br>X | 6. Computed Value<br>= |

### E. EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed<br>$ | 1b. Percentage of Grantor's Interest in Real Estate<br>100.00   % | 1c. Percentage of Grantor's Interest Conveyed<br>0.00   % |
|---|---|---|

**2. Check Appropriate Box Below for Exemption Claimed.**

☐ Will or intestate succession. _____

                                      (Name of Decedent)                 (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into the trust _____
    If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemna-
    tion. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☒ Other (Please explain exemption claimed.)   PA EXEMPTION CODE 91.193 (b) (29) (i)

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

Universal Field Services, Inc. in service to
Transcontinental Gas Pipe Line Company, LLC
300 Laird Ave Suite 200
Wilkes Barre, PA 18702

| | |
|---|---|
| Line #: | CPL North |
| R/W #: | PA-LU-224-A-001 |
| Tax #: | 10-D7-00A-002-000 |
| Municipality: | Dallas Township |
| County: | Luzerne |
| State: | Pennsylvania |

### Purchase and Construction Agreement

Thomas W. and Joan E. Byron
83 Letterkenny Ln
Dallas, PA 18612

**Re: Transcontinental Gas Pipe Line, LLC**

Dear Landowner,

This letter is to confirm our understanding and assurance to you, Thomas W. and Joan E Byron, hereinafter called Grantor, that Transcontinental Gas Pipeline Company, LLC, hereinafter called Grantee, agrees as follows:

Concurrently herewith, you are executing an Easement Agreement for Transcontinental Gas Pipe Line Company, LLC covering your lands in the Municipality of Dallas Township, Luzerne County, State of Pennsylvania.

This Agreement and all Exhibits attached hereto, together with the Option and Easement Agreement and Exhibits attached thereto, constitute the entire agreement and understanding of Grantor and Grantee with respect to the subject matter of this Agreement, and supersedes all offers, negotiations and any other written or verbal statements or agreements.

**Option Payment:**

For and in consideration of the grant of the Easement, as defined in the Option and Easement Agreement, Transcontinental Gas Pipe Line Company, LLC shall pay to Grantor **Four Hundred One Thousand Five Hundred Seventy-Six Dollars** ($401,576.00) (the "Purchase Price") upon exercise of the Option as set forth in the Option and Easement Agreement.

EXHIBIT B.

### Determination of Value:

__7.00__ Acres as shown in Exhibit A, attached to the Option and Easement Agreement.

| | |
|---|---|
| Permanent Right of Way Acres: | __3.720__ |
| Temporary and Additional Temporary Workspace Acres: | __3.280__ |
| Permanent, Temporary and Additional Access Road Easement Acres: | __0.000__ |
| Above Ground Surface Site Acres: | __0.000__ |

**Permanent Right of Way**

Calculation:   __3.72__ acres   X   __$70,000.00__   per acre =                 __$260,400.00__

**30% Early Signing Incentive**

Calculation:   __3.72__ acres   X   __$21,000.00__   per acre =                 __$78,120.00__

**Temporary Workspace**

Calculation:   __3.28__ acres   X   __$5,200__   per acre =                 __$17,056.00__

**Damages**                                                                                   __$46,000.00__

**Purchase Price:**   __$401,576.00__ - __$401,576.00__ (ROW Payment)  =                 __0.00__
due and payable to Grantor at the exercise of the option.

**Temporary and Additional Temporary Workspace Easement:**

Grantor does hereby permit and license unto Grantee, its successors and assigns, the right, privilege and authority to use during the pipeline construction and restoration period only the strip(s) of land identified as temporary workspace and/or additional temporary workspace as shown and described on Exhibit A to the Option and Easement Agreement, as amended. This permit and license shall terminate upon completion of construction and restoration of Grantee's pipeline facilities on Grantor's Property. No pipeline or other permanent facilities shall be constructed within the temporary workspace or additional temporary workspace areas.

## Construction Stipulations:

- **Soil Segregation:** Grantee agrees to utilize topsoil segregation techniques. Topsoil will be replaced to the depth originally present.

- **Temporary Fences:** During construction, Grantee agrees that it will install mutually agreed upon fencing to keep livestock away from ditches.

- **Fences:** All fences of Grantor cut by Grantee during construction of said pipelines shall be repaired or replaced by Grantee at Grantee's sole expense.

- **Fences and Gates:** Grantee shall replace any fences removed by the Grantee during its operations on Grantor's lands. Fences and locked gates with a minimum height of five feet shall be constructed by Grantee where the Permanent Right-of-Way exists the Property and Grantor shall be provided a key to Grantee's lock on any gate. Grantee shall consult with Grantor and mutually agree on a reasonable location of any gates to be installed by Grantee on the Property.

- **Pipeline Cover:** Grantee agrees to install the pipeline a minimum depth of forty-eight inches (48") from the top of the pipe to the surface of the ground.

- **Timber:** Any timber remaining within the Easement Area when construction starts will be for Grantee's use and disposal. Provided however, that all marketable timber cut by Grantee shall be placed at a reasonable location adjacent to the Easement Area when timber clearing starts. This placement will be on Grantor's property only. Grantee shall consult with Grantor prior to any timber clearing on the Property and Grantee shall stack all marketable timber at a location(s) to be mutually agreed upon by Grantor and Grantee. Grantee shall remove from the Property any non-marketable timber, brush, limbs, stumps, or roots cut by Grantee during operations under this Agreement   .

- **Stone Walls:** Grantee agrees to have the stone walls marked by Survey within sufficient time to allow for Grantor to have a professional stone wall contractor remove the walls prior to Grantee's operations. If the stone walls are not removed prior to Grantee's operations then Grantee agrees to place stones at a location adjacent to the Right of Way for the Grantor's use. Grantee will not be responsible to reconstruct stone walls after operations are complete.

- **Rock Removal:** If required by applicable permits, in actively cultivated lands and residential areas, rocks greater than four inches (4") in any dimension will be removed from the surface of the soil.

- **Water flow:** Grantee agrees to maintain the flow of water in all irrigation ditches, laterals and culverts during construction. Grantee agrees to repair any damaged irrigation ditches, laterals or culverts before or during final cleanup.

- **Wells/Springs:** Grantor authorizes Grantee to establish a baseline yield and quality data for the well and springs within 500 feet of the easement prior to construction. Upon notification from Grantor, Grantee will conduct post construction monitoring. If substantiated by post construction monitoring, damaged wells or delivery lines will be rehabilitated where possible. If rehabilitation is impractical, replacement wells will be drilled by Grantee. Significant springs that are damaged will be rehabilitated where possible, or mitigated by development of an alternate water source. Grantee shall provide Grantor copies of all test results obtained by Grantee for tests performed under this provision.

- **Cleanup:** During construction activities, Grantee will ensure that trash will be picked up on a daily basis.

- **Notification:** Grantee agrees to notify Grantor by telephone and email no longer than 14 days prior to the commencement of construction activities.

- **Notification:** Grantee agrees to notify Grantor by telephone and email 48 hours prior to survey activities.

- **Reclamation and Restoration:** Within six (6) months after the pipeline goes into service, weather permitting, Grantee shall complete restoration, to the extent required in all applicable permits, of the Easement Area. Grantee shall have the right to address unforeseen issues related to the reclamation and restoration of Grantor's property beyond six months following the completion of construction.

- **Right of Way Crossing:** The Grantor may have the right to build a road across the Permanent Right of Way or some part thereof. Grantor must obtain Grantee's approval in writing for such a crossing, which approval shall not be unreasonably withheld, provided the Grantor agrees to the terms and specifications of Grantee. Should the weight loads proposed by Grantor require a crossing method other than matting or logs, Grantee, at its cost, shall pay for the cost of engineering and construction of the crossing to Grantee's specifications.

- **Topsoil Salvage and Restoration:** Grantee shall use its best efforts to stockpile, save, replace, grade and reseed any/all topsoil disturbed by its operations, in accordance with applicable permits in agricultural areas. During restoration, in accordance with applicable permits, Grantee shall use its best efforts to prevent undue compaction of the disturbed area. If necessary Grantee will use scraping/tilling/raking the backfill in

the disturbed area with a ripper claw or similar device prior to spreading and grading the topsoil which it salvaged. Grantee shall not remove any topsoil from Grantor's lands.

- **Pipeline Construction:** Grantee shall use the "double ditch" method of digging the trench for the pipeline so that the topsoil will be separated from the balance of the dirt removed in making the ditch or trench for installation of the pipeline. In backfilling, after installation of the line, the topsoil first removed shall be used as cover soil in such a manner so as to result in it being returned to the top of the ditch as topsoil.

- **Pipeline Condition:** Grantee agrees to notify Grantor of any leaks that exist on the segment of the pipeline located on the Grantor's property.

- **Reseeding:** Grantee agrees to reclaim/restore disturbed by its operations in the Easement Area as required by applicable permits. If the permits allow, Grantor may choose the grass seed mixture provided it is in compliance with all applicable permit requirements.

Grantee acknowledges acceptance of these terms by executing this letter on the appropriate line, below.

Yours very truly,


Kelli Bell
ROW Supervisor


Purchase and Construction Agreement Accepted:



_Thomas W. Byron_ __2/28/2017__
Thomas W. Byron                          Date

_Joan E. Byron_ __2/28/17__
Joan E. Byron                                  Date


Page 5 of 5

FC# 10051-2021

ERNE COUNTY SHERIFF'S DEPARTMENT
L DIVISION
NORTH RIVER STREET
KES-BARRE, PA 18711

Transcontinental Gas Pipe Line Co LLC
2800 Post Oak Blvd
Houston, TX 77056-6106

CERTIFIED MAIL

7019 2970 0002 3030 9952

PRESORTED
FIRST CLASS

US POSTAGE AND PITNEY BOWES
ZIP 18711 $ 009.88⁵
02 4W
0000387032 MAR 31 2023



# USPS Tracking®

FAQs >

Remove ✕

**Tracking Number:**

## 70192970000230306652

Copy       Add to Informed Delivery (https://informeddelivery.usps.com/?
_gl=1*5asmqv*_ga*MTM3OTA5MjA5LjE2NzYzOTAxNDA.*_ga_3NXP3C8S9V*MTY4MTM5MTU4NS40LjEuMTY4MTM5MjA1MS4wLjAuMA..)

## Latest Update

Your item was delivered to an individual at the address at 3:30 pm on April 10, 2023 in HOUSTON, TX 77056.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

● **Delivered**
**Delivered, Left with Individual**
HOUSTON, TX 77056
April 10, 2023, 3:30 pm

● **Departed USPS Regional Facility**
NORTH HOUSTON TX DISTRIBUTION CENTER
April 9, 2023, 10:43 pm

● **In Transit to Next Facility**
April 8, 2023

● **Arrived at USPS Regional Facility**
NORTH HOUSTON TX DISTRIBUTION CENTER
April 4, 2023, 11:50 pm

● **Arrived at USPS Regional Facility**
LEHIGH VALLEY PA DISTRIBUTION CENTER
April 1, 2023, 12:34 am

● **Hide Tracking History**

Feedback

Text & Email Updates    ⌄

USPS Tracking Plus®    ⌄

Product Information    ⌄

See Less ⌃